Fooxe
v.
The State.

The power of the circuit court to assess and declare the punishment in criminal cases is merely contingent, and only to be exercised in case of a failure of duty, or disagreement of the jury. It is erronious, therefore, to instruct the jury that they "have the right and authority to return a general virdict of guilty, without assessing any punishment." (See R. S. 1835, p. 493, Title, "Practice and Proceedings in Criminal Cases." Art. 7, sec. 4.)

Appeal from the St. Louis Criminal Court

HUDSON & HOLMES for Appellant.

*Opinion of the Court delivered by Napton, Judge.*

The appellant was indicted by the grand jury of St. Louis county for a felonious assault, and was tried and convicted. On the trial before the criminal court, the jury retired to consider of their verdict, and on the following day returned into court, and said they could not agree. The court enquired of the jury if they desired further instructions, or differed on a point of law : to which they responded in the negative. Before the jury left the court, the court, at the instance of the circuit attorney, instructed the jury, "that they had the right and authority to return a general verdict of guilty, without assessing any punishment."

This instruction was objected to by the prisoner's counsel, and exceptions taken to the opinion of the court, and its propriety appears to be the only question on which the opinion of this court is desired.

The act regulating practice in criminal cases provides, that where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment, and render judgment accordingly.

This law imposes on the jury the duty of *inflicting* the punishment, nor has the court any right to fix the punishment, unless the jury disagree, or do not by their verdict inflict any punishment. But the court in this case, told the

The power of the circuit court to assess and declare the punishment in criminal cases is merely contingent, and only to be exercised in case of a failure of duty or disagreement of the jury. It is erroneous, therefore, to instruct the jury that they "have the right and authority to return a verdict of guilty, with-

jury in substance, that this was no part of their duty, and they had authority to bring in a general verdict. Whereas the power of the court is merely contingent, not primary, and only to be exercised where a failure of duty, or a disagreement on the part of the jury requires its exercise.

Judgment reversed.

<div style="text-align: right">

MAY TERM.
1842.

Fooxe
v.
The State.

out assessing any punishment." (See R. S. 1835, p. 493, Title "Practice and Proceedings in Criminal Cases." Art. 7, sec. 4.)