## THE STATE v. EMERY, *Appellant.*

1. **Criminal Law**: EVIDENCE OF ANOTHER ASSAULT. Where a prisoner charged with assault to kill an officer denied that at the time of the assault he knew of the official character of the person assaulted; *Held,* that for the purpose of contradicting this statement and of showing the aggravated character of the assault, evidence was properly admitted of a difficulty in which defendant was engaged with another person shortly before and which was quelled by the officer.

2. ———: HARMLESS ERROR IN ADMITTING EVIDENCE. A judgment ought not to be reversed for the admission of improper evidence where the guilt of defendant is °otherwise made so clear that the court cannot say that he was prejudiced.

3. ———: REMARKS OF PROSECUTING ATTORNEY. Not every random or hasty remark of the prosecuting attorney should be made ground for reversing the judgment.

   Certain remarks of that officer in this case; *Held,* not to call for reversal.

4. ———: GENERAL VERDICT OF GUILTY. If the jury return a general verdict of guilty in a criminal case, it will be presumed, nothing to the contrary appearing, that they failed to agree on the punishment to be inflicted, and so, under the statute, left that to the determination of the court.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-
HARTT, Judge.

AFFIRMED.

This was an indictment for assault with intent to kill one Bass, a special policeman. The assault took place in Matthews' saloon in the city of Moberly. Against the defendant's objection, the State was permitted to show that an hour previous to the assault the defendant had had a difficulty at the same place with another person and that Bass had interfered and quelled the disturbance.

*Hollis & Wiley* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

SHERWOOD, J.—The defendant was indicted for assault

with intent to kill, and on trial had, was convicted, and his punishment assessed at five years in the penitentiary.

### I.

The instructions as well on the part of the State as on the part of the defendant, presented the law of the case very fairly to the jury. No point appears to be made in this court in reference to the instructions.

### II.

The defendant was not cross-examined by the prosecuting attorney, consequently the position of the defendant's counsel respecting a matter not found in the record, will not be discussed.

### III.

Evidence was admissible to show that the defendant was engaged in a prior difficulty in Matthews' saloon, with a stranger on the same evening, that the felonious assault in question was committed; and this for the purpose of showing that defendant knew the official character of Bass, thereby showing the aggravated character of the assault subsequently made upon him. Defendant in his examination in chief denied that he knew that Bass was a policeman, or that he saw his star. The testimony was, therefore, competent as contradicting that of the defendant in this important particular, and thus affording a basis for assessing a heavier punishment. At any rate the admission of the testimony ought not to reverse the judgment, because the testimony of the defendant's guilt is otherwise so clear that we cannot say that he was prejudiced thereby. State v. Jennings, 18 Mo. 435; State v. Patterson, 73 Mo. 695.

### IV.

Nor do we discover any ground for reversing the judgment because of the concluding remarks of the prosecuting attorney. If every random or hasty remark of such an official, made in the heat of debate, is to be tortured into

a reason for reversing a judgment of conviction, few such judgments would stand, and few punishments be inflicted. Besides, the prosecuting attorney in telling the jury that if "you find the defendant not guilty we have no appeal, and your verdict ends the case so far as the State is concerned," was simply telling the jury the truth; what each juror doubtless knew before the statement was made. Has it come to this, that the truth is to be assigned for error in this court?

And the prosecuting attorney simply stated the law when he told the jury that "if you find him guilty and cannot agree as to the term of punishment you ought to inflict, you can return into court this general verdict of guilty, and his honor, the judge, will fix the punishment." R. S. 1879, § 1930; *Fooxe v. State,* 7 Mo. 502.

By returning a general verdict of guilty, it will be presumed, nothing to the contrary appearing, that the jury failed to agree on the punishment to be inflicted, and so, under the statute, left the *quantum* of that to the court.

Therefore, judgment affirmed. All concur; HENRY, J., in the result.