THE STATE *ex rel.* VERNON COUNTY, *Appellant*, v. KING *et al.*

136   309
158   511

In Banc, December 15, 1896.

1. County Recorder: COMPENSATION FOR CLERK HIRE: STATUTES: CONSTITUTION.   A county recorder is entitled, under Constitution, article 9, section 13, and Revised Statutes, 1889, section 7450, as a matter of right to retain out of the fees of his office a sum sufficient to pay reasonable compensation to necessary assistants, and the allowance of such reasonable compensation is not a matter of mere discretion with the court.

2. ———: ———: ———: "MAY."   The word "may" in a statute will be interpreted "shall" when the rights of third persons are involved or the public interests require it.   (*Steines v. Franklin Co.*, 48 Mo. 178.)

3. ———: ———.   Evidence in an action against a recorder to recover fees received in excess of his salary allowed by law, *held* not to show anything due the county.

4. ———: ———: BURDEN OF PROOF.   The failure of a county recorder to keep a full and true account of all fees received by him as required by Revised Statutes, 1889, section 7450, casts on him the burden of showing such amount when sued for the excess over his salary, and if he fails to make such proof he may be charged with the amount he ought to have received.

5. ———: ———: SUPPRESSION OF EVIDENCE. If the amount which a recorder ought to have collected can be computed from the office records, his failure to produce the account books in an action to recover any excess over his salary is not such a suppression of evidence as to warrant the imposition of a penalty.

*Appeal from Bates Circuit Court.*

AFFIRMED.

*G. S. Hoss* and *L. L. Scott* for appellant.

(1) The defendant, King, was a trustee for the county of Vernon, the law authorizing him to collect the fees and requiring him to keep a strict and itemized account thereof; and having so collected and accounted he was authorized to retain the amount fixed by statute for his services. Constitution of the state of Missouri, sec. 13, art. 9; R. S. 1889, sec. 7450; *Thornton v. Thomas*, 65 Mo. 272. And unless he, as such trustee, keeps and makes this true, accurate, and faithful account of the fees by him collected he is entitled to no compensation whatever. *Smith v. Crews*, 2 Mo. App. 269. (2) Defendant was not entitled to make a claim for deputy hire paid out by him in the conduct of his office. (3) It is always incumbent upon a trustee to make a true and faithful accounting of his trust. He is required to keep accurate books of account showing every detail of his transaction with his principal. And being so required to keep such books of account, they should be produced; and unless he does produce them when called upon he can not be permitted to introduce secondary evidence to shield himself from the consequence of his negligence or wrongful acts. Wood's Practice Evidence, secs. 7, 8, pages 12 to 19. (4) The trial court should have rendered judgment for the amount found by the referee.

*Cole & Burnett* for respondents.

(1) The judgment should be affirmed because the petition does not state facts sufficient to constitute a cause of action. *First.* Because the petition does not charge that defendant, King, owed Vernon county anything, after deducting from the fees received by him as recorder during the year 1890 the sum of $4,000 reserved to him by section 7450, Revised Statutes, 1889, and the further sum of "such amounts for deputies and assistants in his office as the county court deemed necessary." R. S. 1889, sec. 7450. *Second.* It does not charge that defendant, King, received fees in the year 1890 in excess of the fixed sum allowed him (not in excess of $10,000) exclusive of the salaries actually paid his necessary deputies. Const. Mo., art. 9, sec. 13. *Third.* It does not charge that defendant, King, received fees for the year 1890, exceeding the fixed compensation reserved to him as recorder, exclusive of the salaries actually paid his necessary deputies. R. S. 1889, sec. 5022. *Fourth.* The petition does not allege that the amount of fees earned or received by King for any year exceeded the sum of $4,000, and such sum as was necessary and actually paid out for clerk hire in the administration of his office. Their failure to plead these facts is not cured by the statement in the petition, that the court failed and refused to allow any clerk hire. *State ex rel. v. Dent,* 121 Mo. 165. (2) This suit is founded upon section 7450, Revised Statutes (Mo.), 1889. This section is unconstitutional and void under our present constitution: *First.* Because it is repugnant to, and inconsistent with, sections 12 and 13, article 9 of state constitution. Const., secs. 12, 13, art. 9; *Railroad v. Co. Court,* 39 Mo. 488; *Webb v. Lafayette County,* 67 Mo. 353. *Second.* It is an attempt to

delegate to the county court power given by the constitution of 1875 (i. e., the power to fix compensation of the recorder, a public officer), to the legislature. *State v. Field*, 17 Mo. 529; *Lammert v. Lidwell*, 62 Mo. 194; Cooley's Constitutional Lim. [5 Ed.] 139. (3) Under the evidence, if said section 7450 is held constitutional and operative and said petition as stating a good cause of action, the finding must still be for the defendant, because defendant is chargeable only with the legal fees by him actually received. R. S. 1889, sec. 7450. (4) The county court, by its arbitrary action in refusing to allow any clerk hire, could not prevent its allowance to King. *Washington County v. Jones*, 45 Iowa, 260; *Bradley v. Jefferson County*, 4 Iowa, 300. (5) In an action upon an official bond plaintiff must assign breaches, and as these are necessarily affirmative propositions, the plaintiff is bound to support them by adequate proof. Murfree on Official Bonds, sec. 591. *Wilkerson v. Farnham*, 82 Mo. 678. (6) No action arises from the act of collecting fees, but only from the wrongful withholding of the balance above $4,000 and clerk hire, hence it becomes necessary for the plaintiff to allege and prove the nonpayment of the surplus. *Town v. Benedict*, 4 N. W. Rep. (Wis.) 582. (7) Where nonpayment is alleged as a necessary and material fact to constitute a cause of action, payment may be proven under the general denial. *Knapp v. Roche*, 94 N. Y. 329; *Hyde v. Hazel*, 43 Mo. App. 668; 18 Am. and Eng. Ency. of Law, note 1, p. 255; *Wilkerson v. Farnham*, 82 Mo. 678; *Hoffman v. Parry*, 23 Mo. App. 29. (8) Where it is incumbent upon plaintiff, in submitting his evidence, to show the fact of nonpayment as part of his case, there payment may be shown as a general denial. Bliss on Code Pleading [1 Ed.], sec. 357. (9) A general denial is sufficient to put in issue all facts necessary to sustain the plaintiff's

cause. *Wilkerson v. Farnham*, 82 Mo. 678. (10) The evidence was insufficient to apply the rule of *odium spoliatoris*. Destruction of account books does not raise an absolute presumption of any contents the adverse side may assign to them. *Gray v. Haig*, 19 En. 69; *Bell v. Frankis*, 20 Beav. 219; 4 M. & G. 446. And their nonproduction, after notice, merely entitled the opposite party to prove their contents by secondary evidence. 19 En. 69; 1 Greenl. Ev. 337; *Cooper v. Gibbons*, 3 Camp. 363; *Hanson v. Eustace*, 2 Hun (N. Y.), 653; *Ins. Co. v. Ins. Co.*, 7 Wend. 31. In *State v. Champlain*, 89 Mo. 129, the presumption was of guilt of forgery of note from the destruction of the note, not of the contents of the note on mere oral allegation of the state.

## DIVISION ONE.

MACFARLANE, J.—This is an action against defendant King, as ex-recorder of Vernon county, and the securities on his official bond, to recover fees received by him officially, during the year 1890, in excess of what he was authorized to retain in payment of his own salary.

The charge, in substance, is that during the year 1890 said defendant, as recorder, received fees amounting to $5,519, out of which he was entitled to retain, as compensation for his services, the sum of $4,000; and it was his duty to pay over the balance, $1,519, to plaintiff, which he neglected to do. Judgment was asked for said sum of $1,519 and interest.

Defendant's answer was a general denial, and two special pleas.

A change of venue was taken to Bates county. The case was referred to Thomas M. Casey, Esq., to take an account. The referee reported a balance due the county of $1,232.96 and recommended a judgment

for that amount.   Defendant filed exceptions to the report of the referee.   Considering the report and exceptions together, the court was of the opinion that the finding should have been for defendant and judgment was entered accordingly.   Plaintiff appealed.

The evidence shows that defendant King held the office of recorder of Vernon county for two terms, commencing January 1, 1883, and ending January 1, 1891. After his term of office had expired, two suits were commenced against him for excess of fees collected by him for the years 1889 and 1890.   Indictments were also found against him.   Pending these suits and indictments, this agreement was entered into between him and the attorneys who were prosecuting these suits:

"A. J. King has this day voluntarily and of his own motion come to the said parties of the second part, and stated that he desired to settle his account with and indebtedness to said county for fees due the county arising from the work done by said King during the eight years he acted as the recorder of said county; and said second party having consented, so far as they can, to settle the same, the following memorandum is agreed to as a basis of a settlement, to wit:   That the said King and said attorneys will thoroughly investigate the books of the recorder's office, and all documents showing said King's indebtedness during said years. Accounts found to be due by them will be set down as the sum of his indebtedness, from which said attorneys agreed to subtract clerk's hire, and so forth.   Said King agrees to leave the decision and determination of all matters between them absolutely to the said attorneys, and to abide by their decision. Said King agrees to begin and continue said investigation when called upon by said attorneys.   The final sum found to be due by him to said county, or all fees received and

earned by him while recorder, less such clerk hire as shall be allowed him, he agrees to pay to the county, together with costs of suits pending. When the amount due by said King under the terms of this agreement shall be found, the same shall be reported to the county court for its approval; and this agreement is made subject to the approval of the county court of said county."

Under the agreement, the attorneys made an investigation, and reported that King received, as fees of his office, for the year 1889 the sum of $6,515 and for the year 1890 the sum of $5,549, making an excess of $4,064 over the amount of $4,000 per year which was allowed him as salary, not including anything for clerk hire. For the years 1883 to 1888, inclusive, they found the excess of fees received amounted to $1,338, not including clerk's hire, except for the year 1887. The total excess thus found was $5,402. After this report was made, King agreed to pay, and did pay, $4,202; and it was agreed by the attorneys that they would recommend the allowance of the balance, $1,200, as clerk's hire. They made the recommendation, and the county court refused to make the allowance.

The county retained the money paid, and the attorneys commenced this suit for the excess collected for the year 1890, in which they claim $1,519 and interest, being the amount reported under the investigation.

Defendant, by answer, set up the foregoing facts, and claimed that he had fully accounted to the county for all claims against him. Defendant, for another defense, stated the same facts, and claimed that there was never in fact a default on his part, and that he owed the plaintiff nothing, and that, plaintiff having repudiated the agreement, he was entitled to recover back the amount paid, and asked judgment accord-

ingly.  On motion of plaintiff, these pleas were stricken out,  and defendant saved his exceptions.

There  was  no  controversy  over  the  years  1884, 1885, and 1886, all investigations agreeing that there was no excess for these years.    The  referee  found the fees earned on  the  remaining years as follows:    1883, $3,841.20;    1886,  $3,735.97;   1888,  $3,959.54;   1889, $4,954.54;  1890, $5,232.95.  This finding did not make any allowance for clerk's hire.    The referee  found also that defendant paid out for  clerk's  hire  during  the year 1890, $1,160, and,  during the  years 1883,  1886, 1888, and  1889, the  sum  of  $4,120.75.    The evidence tends to show  that the payments for these  years  were as follows:    1883, $906.75;  1886,   $740;  1888, $770; 1889,  $1,650,—total,  $4,066.75.    The  evidence also tends to prove that the hire of assistants was necessary, and the amounts paid them was  reasonable.

The referee,  in his report, confined his findings to the year 1890, rejected  the  evidence of the payment of $4,202, made by defendant, and disregarded all payments made for clerk's hire.

Defendant, in his annual report to the county court, did not make an itemized statement of the fees received, but gave monthly balances, showing in the aggregate the amount collected for each month.    He kept a cashbook in  his  office, in  which the fees collected were entered.    These were open to the inspection of anyone desiring to examine them.    He testified that he offered to file these books with his annual reports, but the court advised him that he need not do so.  These books were not produced  before the referee, and defendant disclaimed any knowledge of their whereabouts.

There were a number of  books in which miscellaneous instruments had  been recorded, the fees for which could only be determined by absolute count of the words.   Plaintiff charged defendant with having

received a certain amount for them. The referee accepted, without proof, the amounts claimed by plaintiff for making these records, for the reason that defendant refused to produce his cashbooks. It seems that each party employed an expert to go through the books, and calculate the amount of fees received for the year 1890. The expert employed by plaintiff found them to amount to $4,829, and that of defendant to amount to $4,467. The referee "split the difference," and found the fees to be $4,648. This amount he increased by the manner of his finding for miscellaneous instruments, so as to make the total $5,232.95. In his calculation, he charged for all fees earned, and not for fees actually collected.

Plaintiff testified that the total collected by him during the year 1890 was $3,447.

Section 13, article 9, of the constitution, declares: "The fees of no executive or ministerial officer of any county or municipality, exclusive of the salaries actually paid to his necessary deputies, shall exceed the sum of ten thousand dollars for any one year. Every such officer shall make return, quarterly, to the county court of all fees by him received, and of the salaries by him actually paid to his deputies or assistants, stating the same in detail, and verifying the same by his affidavit; and for any statement or omission in such return, contrary to truth, such officer shall be liable to the penalties of willful and corrupt perjury."

The statute (Rev. St. 1889, sec. 7450) upon which a right of recovery is based is as follows:

"Sec. 7450. *Surplus Fees.*—The recorder of each county in which the offices of recorder of deeds and clerk of the circuit court are separate shall keep a full, true and faithful account of all fees of every kind received, and make a report thereof every year to the county court; and all the fees received by him, over

and above the sum of four thousand dollars, for each year of his official term, after paying out of such fees and emoluments such amounts for deputies and assistants in his office as the county court may deem necessary, shall be paid into the county treasury, to form a part of the jury fund of the county."

The constitution, while placing a limit upon the amount of fees ministerial officers of a county are allowed to retain, makes such amount "exclusive of the salaries actually paid to his necessary deputies." Section 13, article 9. The statute which was in force when the constitution was adopted limits the fees a recorder is entitled to retain to $4,000 per year, and provides that all fees received by him over and above that amount "for each year of his official term, after paying out of such fees and emoluments such amounts for deputies and assistants in his office as the county court may deem necessary, shall be paid into the county treasury."

Under these provisions, is a recorder entitled, as a matter of right, to retain out of the fees of his office an amount sufficient to pay reasonable compensation to necessary assistants, or is the allowance left entirely to the discretion of the county court?

The constitution is positive in its terms, and contains no words from which a discretionary power can be implied. The statute can not be given such construction as will cause a conflict with the constitution. The statute existing when the constitution was adopted would be repealed by such a construction. To give the statute effect, then, the word "may" can not be given a meaning which could deprive the recorder of his right to an allowance for assistants if they were necessary to secure the proper and expeditious performance of the duties of the office. It is also a well recognized rule of construction that the word "may"

should be interpreted to mean "shall" when referring to a "power given to public officers, and [which] concerns the public interest and the rights of third persons, who have a claim *de jure* that the power shall be exercised in this manner." Such an interpretation is demanded "for the sake of justice and the public good." *Steines v. Franklin Co.*, 48 Mo. 178, quoting from *Newburgh Turnpike Co. v. Miller*, 5 Johns. Chy. 113.

There can be no doubt that the public interest demands that the work required of a recorder should be done promptly, carefully, and well. A public officer is, by right, entitled to compensation for the labor performed, and it should also be measured to some extent by the responsibilities assumed. The statute regulates the amount of the fees the recorder is entitled to collect, and the presumption is that he fairly earns what he is allowed to charge. Four thousand dollars was fixed as the amount the recorder was capable of earning at the established charges; and, when the fees for work required to be done exceed that sum, it is a fair presumption that assistance would be necessary. If necessary, the constitution and statute clearly intend that assistants should be employed and paid.

In construing a statute which provided that when a county officer receiving a salary is compelled, by pressure of business to employ a deputy, "the county court may make a reasonable allowance to the deputy," the court held that the county must pay a reasonable compensation for the necessary service rendered, and that payment was not discretionary with the county court. *Bradley v. Jefferson Co.*, 4 G. Greene, 300. See, also, *Washington Co. v. Jones*, 45 Iowa, 261.

We are of the opinion, therefore, that the allowance to the recorder of reasonable compensation for necessary hire of assistants was not a matter of mere discretion with the county court. In his settlement,

the recorder was entitled to a credit for the amount so paid; and, if such credit had been given, there would be, at most, but a small amount, if anything, due the county.

From what has been said, it is clear that, in common justice and right, the judgment of the circuit court is correct; for the payment of $4,202, made before the suit was commenced, was in excess of all demands the county could justly claim.

But it is insisted that, under the agreement between counsel for plaintiff and defendant King, the differences were fully adjusted and compromised, and defendant's agreement to pay the amount found due is conclusive as to his liability and that of his sureties.

Without considering the circumstances under which the alleged settlement was made, or the one-sided character of the contract, we need only say that this suit is not for a breach of that agreement, or for a failure to pay the amount found to be due under the investigation made by the attorneys of plaintiff. The agreement having failed of its purpose, or having been repudiated by the county, common justice requires that defendant should have credit for the amount paid thereunder.

According to the report of the referee, the fees of the office only exceeded $4,000 for the years 1887, 1889, and 1890. For the year 1887 the county court allowed defendant all the surplus for the hire of assistants. For the year 1889, according to the report, which is not contested by plaintiff, defendant received $954.54, and in the year 1890 he received $648.60, over the amount he was entitled to retain for salary. This would make a total liability of $1,603.14 for the entire term of office, without deducting the amounts actually paid during those years for necessary assistance. Allowing a

credit for the $4,000 paid, it is clear that defendant owes the county nothing.

But assuming that the settlement was fairly made, and that the payment of $4,000 was on account thereof, and that a balance of $1,519 remained unpaid, yet the amount was subject to the credit of whatever necessary sum was actually paid for the hire of clerks and other assistants. The agreement in respect to the allowance of such credit should be given as broad a meaning as that given to the statute; that is, that defendant should have a credit for all amounts actually paid by him which were reasonable and necessary for the proper performance of the duties of the office.

The referee finds that for the year 1890 defendant actually paid out for clerk's hire $1,160, and for the previous seven years $4,120. The evidence shows that for the year 1889 he paid $1,650 of this amount. The evidence also establishes that the amounts paid were necessary for the proper discharge of the duties of the office. The amount thus actually paid during the years 1889 and 1890 for assistance largely exceeded the balance received in excess of $4,000 per year. In any view of the case, defendant is not indebted to the county.

But plaintiff says that inasmuch as defendant neglected his duty in respect to keeping a full, true, and faithful account of the fees of every kind received by him, and in making annual reports thereof to the county court, he should not be allowed reimbursement for what he may have paid out by way of clerk's hire.

It was undoubtedly the duty of defendant to faithfully perform these duties, and, failing to do so, the burden rested upon him to show the amount of fees received. He stood in the character of a trustee for the county, and, as such, it was his duty to faithfully account for all fees received. By reason of the sup-

VOL. 136 mo—21

pression of evidence, he might properly be charged with what he ought to have collected, but the referee enforced this rule strictly in taking the account.

As the work done and the fees to which defendant was entitled can be correctly calculated from the records kept in the office, it does not seem just to charge him with more than he should have collected. The statute imposes no penalty for a failure to keep an account of the fees collected, and to make annual reports; and, when this evidence was before the referee, a failure to produce the account books was not such a suppression of evidence as should require the court to prescribe and impose a penalty.

But defendant did keep an account of the fees collected, and did make annual reports to the county court. These reports, it is true, only showed the totals of the fees collected for each month. They were probably not such a detailed report as the statute contemplated should be made, but it does appear that they were satisfactory to the court. It also appeared that defendant offered to file with his reports the books containing an account of fees received for the year reported. This was regarded by the court to be unnecessary. Such books, therefore, should fairly be taken as part of the annual reports; and, being so taken, the reports fairly answer the requirements of the statute. It appears from the evidence that these account books, one of which was kept for each year, were kept in the office, and were at all times open to the inspection of the public, and defendant testified that they were left in the office when his term expired.

We are of the opinion that the judgment of the circuit court was right, and it is therefore affirmed. BRACE, C. J., absent. ROBINSON, J., concurs. BARCLAY, J., dissents.

We agree that the cause be transferred to court *in banc*, which is ordered.

### IN BANC.

PER CURIAM.—The foregoing opinion handed down in division number one, is adopted as the opinion of the court *in banc*, BRACE, C. J., GANTT, SHERWOOD, BURGESS, and ROBINSON, JJ., concurring with MAC-FARLANE, J., therein. The judgment of the circuit court is therefore affirmed.