STATE of Missouri,
Plaintiff-Respondent,

v.

Ira Delmar HALL, Defendant-Appellant.

No. 13340.

Missouri Court of Appeals,
Southern District,
Division Two.

May 7, 1984.

John D. Ashcroft, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Peter N. Sterling, Public Defender, Rolla, for defendant-appellant.

PREWITT, Judge.

Following jury trial defendant was convicted of leaving the scene of a motor vehicle accident, § 577.060, RSMo 1978. He contends that the trial court erred in giving an instruction which stated that the maximum punishment for leaving the scene of a motor vehicle accident was seven years' imprisonment when the maximum punishment is five years. The jury declared the punishment at seven years' imprisonment, but the trial judge sentenced defendant to three years.

As the parties agree, leaving the scene of a motor vehicle accident is a class D felony. § 577.060.2, RSMo 1978.* Imprisonment for a class D felony cannot exceed five years. § 558.011.1(4), RSMo Supp.1982.

Relying primarily on *State v. Bevins*, 328 Mo. 1046, 43 S.W.2d 432 (banc 1931), defendant contends that the trial court cannot assess a corrected sentence where, because of an erroneous instruction, the jury returned a punishment not authorized by law. He asserts that the trial court deprived him "of his statutory right to have the jury assess and declare his punishment in accordance with proper instructions."

* Since amended but still a class D felony. § 577.060, RSMo Supp.1983.

**194**

In *Bevins* the court stated that it was not holding that "the giving of an erroneous instruction or the failure properly to instruct as to the punishment that may be inflicted would of itself be reversible error where it is patent from the record that the defendant was not thereby prejudiced." 43 S.W.2d at 437.

 Instructional error as to the range of punishment is not per se prejudicial. *State v. Brewer*, 630 S.W.2d 591, 597 (Mo.App.1982). Nor is a defendant entitled to a new trial if a jury assesses a sentence above the limit set by law. If that occurs the trial court is to pronounce a sentence within the statutory limits. Rule 29.04.

In *State v. Thomas*, 526 S.W.2d 893, 898 (Mo.App.1975), the jury was erroneously instructed that they could assess punishment of from two years to ten years when they should have been instructed that the range was two years to five years. The jury verdict assessed ten years which the trial court reduced to five years. On appeal it was held that the trial court's correction of the sentence was not prejudicial to defendant and was not an improper usurpation of the jury's function.

 Here no prejudice to defendant is shown. Absent such he is not entitled to any relief. Had the jury been instructed that they could give no more than five years imprisonment, it is obvious that they would have assessed five years. That was still more than the trial judge declared. Defendant was not prejudiced by the error here.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.

