## THE STATE v. JULIUS WINER, Appellant.

### Division Two, January 4, 1915.

1. **RECEIVING STOLEN GOODS: Incorporation of Railroad Company.** A conviction of the offense of receiving stolen goods cannot stand if there is no proof of the incorporation of the railroad company from which it is charged the goods were stolen.

2. ——: ——: **In Possession of Prosecuting Railroad.** It is necessary to prove a larceny in order to sustain a charge of having received stolen goods; and if there is no proof that the goods alleged to have been stolen were in the possession of the railroad company from which they were charged to have been stolen, a conviction cannot stand.

3. ——: **Failure of Proof: Remanding Cause.** If the entire evidence indicates that defendant is guilty of having received stolen goods, the cause will be remanded for new trial, even though the verdict cannot stand because of failure of proof to establish some of the essential elements of the offense.

Appeal from Scott Circuit Court.—*Hon. Charles B. Faris,* Judge.

REVERSED AND REMANDED.

*Chester H. Krum, James A. Finch* and *Oliver & Oliver* for appellant.

(1)   The record makes a case of total want of proof as to corporate existence of the alleged bailee. The jury should have been instructed to acquit, as prayed by appellant.   The information alleged that the goods bought and received by appellant were the property "of St. Louis Southwestern Railway Company, a corporation, as bailee."   There was no evidence either that the goods were stolen; that "St. Louis Southwestern Railway Company" was a corporation, or that the goods were even in its possession, or that it had any interest in them as bailee or otherwise. The only evidence as to any interest or property in the goods was that of the State, which put the bailment, if there was one, in the Southern Illinois and Missouri Bridge Company.   It goes  almost  without saying that as it is necessary to allege the ownership of the property in cases such as this is, the allegation as made must be proven.   State v. Jones, 168 Mo. 402; Johnson v. State, 42 Tex. Cr. 440; Butler v. State, 35 Fla. 264.   There was no evidence whatever that this company was a corporation, either *de jure* or *de facto*. The corporate existence might, of course, have been proven by repute, but not even this degree of proof was afforded.   Courts will not take judicial notice of the existence of such a corporation as is alleged.   The fact is essential both in allegation and proof.   The fact must be proved as alleged.   Here there was not a word on the subject.   State v. Horned, 178 Mo. 61; O'Connell v. State, 55 Ga. 296; Comm. v. Finn, 108 Mass. 466.

*John T. Barker,* Attorney-General, and *Thomas J. Higgs,* Assistant Attorney-General, for the State.

(1)   It must be admitted that the testimony in this case does not at any place show a proof that the St. Louis Southwestern Railway Company was a corporation.   It was not proven by reputation or other-

wise.  If this court follows the *dictum* in State v. Jones, 168 Mo. 402, which applied to the proof of a case of burglary, then by similar line of reasoning the failure to prove the corporate existence of the St. Louis Southwestern Railway Company in the case at bar was error.  It would seem from this dictum that in a case of burglary the ownership of the property must be alleged to be in a corporation and proved to be in a corporation, that is, if the case at bar were a case of burglary, it would be necessary to prove by repute or otherwise that the St. Louis  Southwestern  Railway Company was a corporation.  The above dictum as to the proof of the ownership was cited and approved by the court in the recent case of State v. Henschel, 250 Mo. 269.  The point as to the proof of the corporate existence of the owner of the property in a case of stolen property was specifically called to the attention of this court by the appellant in the case of State v. Gennusa, 167 S. W. 439.  The judgment in that case was reversed for the reason that the appellant was tried and convicted of receiving stolen goods, and the evidence showed that the charge  should  have  been, receiving embezzled goods.  The charge was not sustained by the proof.  State v. Fink, 186 Mo. 50; State v. Casey, 207 Mo. 1.  It therefore would be necessary in a case of receiving stolen property to prove an ownership of the goods in order that a distinction might be made between these two crimes.  We believe the contention of the appellant that the corporate existence of the Southwestern Railway Company should have been proven is correct.  (2)  There was a failure of proof as to bailment and identity of the goods.  As it is necessary to prove a larceny in a case of receiving stolen property, the contention of the appellant, in this regard, is correct.  The evidence in the case shows that the defendant had a guilty knowledge, which is one of the main essentials of the crime of "receiving stolen property," and this cause should be remanded

for a new trial and not reversed, in order that the proper testimony could be obtained, and this defendant proven guilty in a proper manner.

WALKER, P. J.—The appellant was charged in an information filed by the prosecuting attorney of Scott county with having received stolen property in violation of section 4554, Revised Statutes 1909. Upon a trial before a jury he was convicted and his punishment assessed at two years' imprisonment in the penitentiary. From this sentence he appealed to this court, and secured a stay of execution pending the determination of the case here, by giving a bail bond as required by the trial court.

The Attorney-General admits that there was no proof of the incorporation of the railroad from which the goods were charged to have been stolen. This failure of proof is reversible error (State v. Henschel, 250 Mo. l. c. 269; State v. Jones, 168 Mo. l. c. 402) and it is not deemed necessary to incumber the record with a statement of the facts.

It is also admitted by the Attorney-General that there was no evidence that the goods alleged to have been received as stolen property by appellant were shown to have been in the possession of the railroad company from which they were charged to have been stolen. This is also reversible error, because it is necessary to prove a larceny to sustain a charge of having received stolen property. [State v. Creeley, 254 Mo. l. c. 391; State v. Smith, 37 Mo. 58; State v. Woodson, 175 Mo. App. l. c. 397.]

The errors noted necessitate a reversal, and while the absence of proof of the larceny of the goods is alone fatal to a conviction, we find upon a review of the entire testimony that it is indicative of guilt. Under this state of facts it becomes our duty (Sec. 5290, R. S. 1909; State v. O'Connor, 58 Mo. App. l. c. 459) to not only reverse but to remand this case that the ab-

sent evidence may, if possible, be supplied at another
trial. It is so ordered. *Brown, J.,* concurs; *Faris, J.,*
not sitting.