## STATE OF MISSOURI

#### AT THE

## APRIL TERM, 1925.

(*Continued from Vol.* 308.)

## THE STATE v. OSCAR DUDDREAR, Appellant.

### Division Two, June 5, 1925.

1. **BURGLARY AND LARCENY:** From Railroad Company: Proof: Corporation: **Ownership.** A conviction of the crime of burglary and larceny from a railroad car denounced by Section 3297 (Laws 1921, p. 196) and Section 3305, Revised Statutes 1919, cannot stand, where there is no proof that the railroad company was a corporation, and none that the car alleged to have been burglarized was owned by the company or that it had any interest in it.

2. ———: Punishment: Instruction: **No Maximum Limit.** Where the statute (Laws 1921, p. 279) fixes a maximum punishment, an instruction which fixes no maximum limit is error. Nor is such error cured by the statute (Sec. 4050, R. S. 1919) which authorizes the court, if the jury assesses a punishment in excess of that prescribed by law, to disregard the excess and pronounce sentence for the highest limit prescribed. The purpose of that statute is to enable the court to render a correct judgment where the jury has been properly instructed as to the degree of punishment; it confers no power upon the court to amend a verdict where the excess of punishment imposed by the jury results from misdirection.

(1)

3. ————: **No Evidence of Larceny: Judgment for Both: Elimination on Appeal.** Where defendant was charged with the crime of burglary in the second degree and larceny from a railroad car, and there was no evidence of larceny and the instructions excluded that part of the charge from the jury's consideration, and they rendered a verdict of guilty on the burglary charge alone, a sentence of defendant to imprisonment for the offense of "burglary in the second degree and larceny" is not·authorized, but the error, if no other is apparent, might be cured on appeal, without prejudice to defendant, by the elimination of the words "and larceny."

Corpus Juris-Cyc. References: Burglary, 9 C. J., Sections 48, p. 1029, n. 77; 58, p. 1034, n. 16; 121, p. 1064, n. 17; 132, p. 1076, n. 29; 154, p. 1091, n. 56 New. Criminal Law, 16 C. J., Sections 2294, p. 933, n. 27; 2456, p. 1026, n. 1; 2485, p. 1043, n. 36; 2603, p. 1114, n. 39 New ; 17 C. J., Sections 3719, p. 356, n. 22; 3750, p. 367, n. 84 New. Larceny, 36 C. J., Sections 264, p. 810, n. 3; 403, p. 859, n. 21; 414, p. 864, n. 98.

Appeal from Jackson Circuit Court.—*Hon. Allen C. Southern,* Judge.

REVERSED AND REMANDED.

*Ira B. McLaughlin* and *Hugh F. Reilly, Jr.,* for appellant.

(1) There was no evidence in the case tending in any way to prove that the Missouri Pacific Railroad Company was a corporation, either *de jure* or *de facto.* State v. Winer, 263 Mo. 356; State v. Levikow, 192 S. W. 416; People v. Struble, 275 Ill. 162; State v. Kelley, 206 Mo. 685; State v. Clark, 223 Mo. 48. (2) The court erred in giving to the jury instruction numbered 1, for' the reason that it failed to state the maximum penalty fixed by law for the crime of burglary in the second degree. (3) There was no evidence tending in any way to prove that the Missouri Pacific Railroad Company, was the owner of or had any special interest in freight car No. 28320. State v. James, 194 Mo. 268. (4) The verdict of the jury, in so far as it attempts to assess a punishment, is void because it fixes a penalty in excess of the maximum penalty fixed by law for the crime of which the defendant was found guilty. Sec. 3302, R. S.

1919, as amended by Laws 1921, p. 279. (5) The judgment of the court is erroneous for the reason that there was no evidence of larceny introduced in the case. The charge of larceny was abandoned by the instructions of the court, the verdict found the defendant guilty of burglary in the second degree only, and the court sentenced the defendant for burglary in the second degree and for larceny. (6) The judgment of the court is erroneous because it sentences the defendant to the penitentiary for two crimes, to-wit, burglary in the second degree and larceny and it does not separately assess the punishment for each of said offenses. State v. Kelley, 206 Mo. 685.

*Robert W. Otto,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

(1) Appellant challenges instruction numbered 1, on the ground that there is no proof of the incorporation of the Missouri Pacific Railroad, a fact which said instruction requires the jury to find. The Attorney-General concurs in this view and concedes that the record fails to show proof of incorporation of said railroad and that said instruction is erroneous in that respect. State v. Winer, 263 Mo. 359. (2) Appellant challenges said Instruction 1 on another ground, namely, that it fails to state the maximum penalty fixed by law for burglary in the second degree. It has been held by this court that when the trial court misinstructs the jury as to maximum punishment, such court cannot assess the proper punishment. State v. Britton, 183 S. W. 295. Since the court failed to name any maximum punishment at all in said instruction, it is tantamount to advising the jury that it may assess the punishment as high as life imprisonment, whereas the maximum is ten years. This is error. Sec. 3302, R. S. 1919, as amended by Laws 1921, p. 279. (3) The jury found appellant guilty of burglary only (second degree) while the sentence included larceny also. The court is only authorized to render judgment

according to the verdict, except in certain instances, not present here. Sec. 4047, R. S. 1919; State v. Snyder, 98 Mo. 555.

WALKER, P. J.—The appellant was charged by information in the Circuit Court of Jackson County with burglary in the second degree and larceny from a railroad car, under Section 3297, Laws 1921, p. 196, and Section 3305, Revised Statutes 1919. Upon a trial he was convicted and his punishment assessed at twelve years' imprisonment in the penitentiary.

The nature of the errors necessitating a reversal of this case renders a statement of the facts unnecessary.

I. The information properly charges the offenses named as required by the statute.

II. There was no proof, however, that the railroad company, the car of which was alleged to have been burglarized, was a corporation; nor was there any proof that the car was owned by the railroad company or that the company had any interest therein. These failures of proof constitute reversible errors, and have been so ruled several times by this court.

Corporation.

In State v. Levikow, 192 S. W. 416, we held that where the indictment charged that the defendant feloniously received goods stolen from a corporation, the conviction cannot be upheld where there was no proof that the alleged owner of the goods was a corporation, either *de jure* or *de facto;* that to sustain a conviction the State must establish the fact of the theft, and to do so it must show the ownership of the goods taken.

Likewise in State v. Winer, 263 Mo. 356, we held that a conviction of the offense of receiving goods stolen from a railroad company could not be sustained if there was no proof of the incorporation of the company, and that the goods charged to have been stolen were at the time in the company's possession. (See earlier rulings to a like effect, referred to in the Levikow and Winer cases.)

III.   An amendment to the statute (Sec. 3302) approved April 7, 1921, Laws 1921, p. 279, fixed the maximum punishment for burglary in the second degree at ten years.   Theretofore no maximum was prescribed by the statute.   The instructions given in this case omitted to state the maximum punishment for burglary in the second degree.   The absence of any evidence of larceny rendered any instructions in regard thereto unnecessary and that phase of the case, as alleged in the information, was properly excluded from the consideration of the jury.   The instruction given in regard to the punishment was in substance as follows: after defining the findings necessary to be made to authorize a conviction, the jury is authorized "to find the defendant guilty of burglary in the second degree and assess his punishment at imprisonment in the penitentiary not less than two years." This was error, as it left the fixing of the maximum punishment under the evidence to the discretion of the jury.   [State v. Fair, 177 S. W. (Mo.) 355, and cases cited.]

**Punishment.**

The statute (Sec. 4050, R. S. 1919) authorizing the court, if the jury assess a punishment in excess of that prescribed by law, to disregard the excess and pronounce sentence and render judgment according to the highest limit prescribed by law in regard to the particular case, if it had been observed, could not be invoked to sustain this conviction.   The purpose of this statute is to enable the trial court to render a correct judgment where the jury has been properly instructed as to the degree of punishment and returns a verdict in disregard of such instruction and in excess of the legal limit; but the statute confers no power of amendment on the trial court where the error, as here, consists in a misdirection by the court itself.   [State v. Britton, 183 S. W. (Mo.) 295.]

IV.   Error is urged in that the trial court, in pronouncing judgment, sentenced the defendant to imprisonment for the offense of "burglary in the second degree

**Erroneous Judgment.** and larceny.'' The latter offense had, under the instructions, been expressly excluded from the jury's consideration and their verdict was limited to the burglary alone. If no other errors were apparent of record the correction of the judgment by the elimination of the words ''and larceny'' might be made without prejudice to the appellant. This suggestion of judicial limitation, whether it be in accord with our liberal Statute of Jeofails restricting a defendant's relief on appeal to prejudicial errors, is simply made in passing. Reference thereto, if it accomplishes no more, may prevent prosecuting officers, clerks and courts from committing like irregularities in future records.

This case bristles with error. Not only in the introduction or failure of the State to introduce evidence to sustain a conviction, but in the giving of instructions. A knowledge of the evidence necessary to sustain a conviction would have avoided the first; and a reference to the statute defining the punishment would have prevented the second. The Attorney-General concedes all these errors.

There remains, therefore, no alternative other than a reversal and a remanding of this case that it may be tried in the manner required by law. All concur.