STATE of Missouri, Respondent,

v.

Richard D. WRIGHT, Appellant.

No. 24548.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1966.

Eugene P. Wilhelmsen, Blackford & Wilhelmsen, Kansas City, for appellant.

Gerald Kiser, Pros. Atty., John R. Hutcherson, Asst. Pros. Atty., Liberty, for respondent.

MAUGHMER, Commissioner.

In the case before us defendant was tried for obtaining airplane tickets by use of another person's credit card. The information charged that the act was done feloniously. The jury was instructed under the felony false pretense statute. The jury found defendant guilty and fixed his punishment within the limitations of that felony statute as the court had instructed it to do. Thereafter the trial court concluded that defendant's crime, if any, based upon the factual allegations of the information and the evidence presented, amounted to only a misdemeanor. Defendant moved for new trial but the motion was denied. The court simply reduced the punishment to within the limitations provided for the misdemeanor violation. Defendant has appealed. Did the trial court have the right to do this or did it exceed its authority in so doing? That is the ultimate and basic question before us.

The information alleged that defendant Richard D. Wright at the county of Clay, and state of Missouri, on September 19, 1965, "willfully and feloniously with intent to cheat and defraud, did obtain from Trans World Airlines, a corporation", "airline tickets by means and by use of trick or deception and false and fraudulent representation or pretense", and did present to TWA an American Express credit card made to one Jack Borders and did "falsely represent himself to be the said Jack Borders" and TWA, relying on said false representation, "did deliver to defendant valuable airline tickets". Typewritten on the back of the information is the following: "Sec. No. 561.450, Missouri Revised Statutes".

Section 561.450, V.A.M.S. provides in part:

"Every person who, with the intent to cheat and defraud, shall obtain or attempt to obtain, from any other person, or persons, any money, property or valuable thing whatever by means or by use of any trick or deception, or false and fraudulent representation, or statement or pretense, or by any other means or instrument or device, commonly called 'the confidence game', * * * or by any other written or printed or engraved instrument or spurious coin or metal, shall be deemed guilty of a felony and upon conviction thereof be punished by imprisonment by the department of corrections for a term not exceeding seven years or by confinement in the county jail for not more than one year or by a fine of not more than one thousand dollars or by both such confinement and fine".

Violation of this statute may result in imprisonment in the penitentiary. The crime there defined is therefore a felony. The court gave Instruction No. 2, couched in the phraseology of the information and directing that if defendant be found guilty "of obtaining property by means of false pretenses" his punishment should be fixed at "imprisonment by the department of corrections for a term not exceeding seven years; or, by confinement in the county jail for not more than one year or by a fine of not more than one thousand ($1,000.00) dollars; or, by both such confinement and fine".

Section 561.415, V.A.M.S., was enacted in 1961. It provides that any person "who, with intent to defraud or to aid and abet another to defraud any person, firm, or corporation of the lawful charge, in whole or in part, for any goods, wares or services, shall obtain, or attempt to obtain, * * * any goods, wares or services by charging such goods, wares or services to an existing telephone number, credit card, credit

card number, or other credit device, without the authority of the subscriber thereto or the lawful holder thereof, * * * is guilty of a misdemeanor and shall, upon conviction be punished by confinement in the county jail for not more than one year or by fine not exceeding one thousand dollars, or both such fine and confinement".

Section 561.450, supra, is a statute dealing generally with a common subject matter, namely, "confidence game or fraudulent checks". Its violation is made a felony. Section 561.415, supra, passed later, is a special statute dealing with charge accounts and credit cards. Its violation is classed as a misdemeanor. In construing statutes of these two types as to applicability, the Supreme Court in State v. Richman, 347 Mo. 595, 148 S.W.2d 796, 799, quoted with approval the following from State ex rel. Buchanan County v. Fulks, 296 Mo. 614, 247 S.W. 129, 132:

" 'Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; * * * ' ".

It seems clear that defendant who obtained airplane tickets by the unauthorized use of another's credit card was in violation of Section 561.415, the special statute, which is a misdemeanor, and not in violation of Section 561.450, which is a felony. We believe that the information, even though the word "feloniously" is used, when properly construed, charges only violation of the misdemeanor statute. This is so because in our opinion the factual recitations therein clearly amount to a violation of the misdemeanor statute and not of the felony statute.

The transcript in this appeal includes none of the evidence. We assume that the testimony shows beyond any reasonable doubt that defendant did use the credit card of Jack Borders and pretended to be Jack Borders, and by such use and pretense procured airplane tickets from TWA. The respondent, State of Missouri, has filed no brief and has not favored this court with oral argument. If defendant's acts were only chargeable under the credit card statute and if the offense under the facts as alleged and presumably properly proved by the state amounted to only a misdemeanor, and if the information, properly construed, charged only a misdemeanor, then this court has jurisdiction of the appeal and the trial court erred in giving Instruction No. 2. It erred because the instruction authorized the jury to fix defendant's punishment—maximum—at imprisonment by the department of corrections for seven years, whereas under the misdemeanor statute the maximum was one year in jail. Clearly the special statute applies. In State v. Harris, 337 Mo. 1052, 87 S.W.2d 1026, 1029, the court said:

"If, however, the statutes are necessarily inconsistent, that which deals with the common subject-matter in a minute and particular way will prevail over one of a more general nature".

It is true that where defendant is properly charged and tried, and where proper instructions are given, but, nevertheless, the jury fixes a greater punishment than is provided, then in that event the court "shall disregard the excess, and pronounce sentence and render judgment according to the highest limit prescribed by law in the particular case". Section 546.460, V.A.M.S. and Rule 27.06, V.A.M.R. Likewise, where the jury assesses punishment below the limit prescribed by law, the court shall render judgment and pronounce sentence "according to the lowest limit pre-

scribed by law in such cases". Section 546.450, V.A.M.S. and Rule 27.05, V.A. M.R. These authorizations are purely statutory and such authority probably would not exist without the statutes.

In State v. Duddrear, 309 Mo. 1, 274 S. W. 360, 361, the statutory range of punishment was from two to ten years. The court instructed that if defendant were found guilty, defendant's punishment should be assessed at "not less than two years", but neglected to instruct that the maximum was ten years. The jury found defendant guilty and assessed his punishment at twelve years. The court rendered judgment and pronounced sentence of ten years. The Supreme Court reversed, remanded and declared:

"The statute (section 4050, R.S.1919), authorizing the court, if the jury assess a punishment in excess of that prescribed by law, to disregard the excess and pronounce sentence and render judgment according to the highest limit prescribed by law in regard to the particular case, if it had been observed, could not be invoked to sustain this conviction. The purpose of this statute is to enable the trial court to render a correct judgment where the jury has been properly instructed as to the degree of punishment and returns a verdict in disregard of such instruction and in excess of the legal limit; but the statute confers no power of amendment on the trial court where the error, as here, consists in a misdirection by the court itself. State v. Britton (Mo.Sup.) 183 S.W. 295".

We quote on the same point from State v. Bevins, 328 Mo. 1046, 43 S.W.2d 432, 435:

"Many more expressions of this court might be cited indicating the view that the duty of fixing the punishment where there is an alternative is by statute placed primarily upon the jury and that the court may exercise that power only when the jury has failed to agree or properly

to discharge its duty in that regard. We have found none to the contrary. The duty being thus imposed upon the jury, the defendant certainly has a corresponding right to have that duty properly and intelligently performed, and to the end that it may be so performed it is necessary that the jury be properly instructed as to the applicable law".

On this proposition the Supreme Court in State v. Sumpter, 335 Mo. 620, 73 S.W.2d 760, 763, made this declaration:

"If the jury were led by the court's erroneous instructions, or the lack of necessary instructions, into fixing the wrong punishment, the court could not thereupon usurp the province of the jury and fix the punishment, notwithstanding the provisions of section 3704, R.S.Mo. 1929 (Mo.St.Ann. § 3704, p. 3259). It is true that section says: 'Where the jury finds a verdict of guilty and assess a punishment not authorized by law, * * * the court shall assess and declare the punishment.' But it was held in State v. Bevins, 328 Mo. 1046, 43 S. W.2d 432, that this section does not authorize the court to lead the jury into error by wrongful instructions and then to reject their verdict and itself assess the punishment".

See also State v. Myers, Mo.App., 125 S.W. 2d 93.

24 C.J.S. Criminal Law § 1570a, p. 446, tells us that a person charged with crime has the right to have the jury fix the punishment and states:

"*Right to have jury fix punishment.* If a person accused of crime has the right to have a jury fix the punishment to be imposed, he may not be deprived of this right by the trial judge, and, accordingly, where accused enters a plea of not guilty and in the course of the trial to a jury admits facts which establish his guilt, it is improper for the trial judge to discharge the jury and then proceed to fix the punishment".

There is one more argument which might conceivably be advanced by respondent, namely, that defendant was not prejudiced by the action of the trial court (1) in giving the erroneous instruction and (2) in assuming the jury function of fixing the punishment. But is such an argument either sound or decisive on this appeal? The jury was told that the acts which defendant was charged with doing constituted a felony, when in fact they amounted to only a misdemeanor. Can it be said that this misdirection did not overly impress the jury with the gravity of the offense and prejudice defendant's position before the jury? The jury was told that the maximum punishment was seven years imprisonment in the penitentiary, when actually the maximum imprisonment was one year in the county jail. Can it reasonably be concluded that this tremendous enlargement of the possible punishment did not excessively instill the minds of the jury with the seriousness of the offense? Can we be sure or could the trial judge have been sure that the jury, if it had been properly instructed, would have fixed defendant's punishment at the maximum authorized; that is, imprisonment in the county jail for a period of one year? We think not. We are not certain that if the jury found the defendant guilty it would have fixed his punishment at imprisonment for one year and if not, then surely defendant was prejudiced by the action of the court in assuming one of the functions of the jury, namely, the assessment of punishment and then giving the maximum sentence.

■■ Under our law, defendant is entitled to a jury trial. He is entitled to have the jury properly instructed. He is entitled to have the jury told what crime, if any, the acts which it is alleged he committed, constituted. One of the jury functions is the assessment of punishment, and unless it fails to agree, or exceeds or goes below the prescribed limits, when told precisely what the limitations are, the court is not permitted to usurp such prerogative.

There is no doubt the court erred in giving Instruction No. 2. The instruction clearly authorized imposition of punishment far in excess of that authorized. Defendant was denied the right of having the proper offense submitted. He was denied the right of jury trial as to having the correct offense submitted, and denied his right of having the jury fix his punishment. We believe such denials each constitute plain error and were prejudicial.

Because the court erred in submitting a felony, as to which defendant could not have been lawfully convicted, instead of the misdemeanor; because of the plain and prejudicial error in giving Instruction No. 2; because of the unauthorized action of the court in assuming the function of the jury in fixing the punishment and because the court erred in denying defendant's motion for new trial, we believe we must reverse the judgment and remand this cause for a new trial, where such errors will not recur.

The judgment is reversed and the cause remanded.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.