STATE of Missouri, Plaintiff–
Respondent,

v.

Robert GRAY, Defendant–Appellant.

Robert GRAY, Plaintiff–Appellant,

v.

STATE of Missouri, Defendant–
Respondent.

Nos. 16807, 17155.

Missouri Court of Appeals,
Southern District,
Division Two.

July 10, 1991.

Brad B. Baker, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Presiding Judge.

Robert Gray (defendant) was convicted of two counts of selling methamphetamine, a controlled substance. § 195.020, RSMo Supp.1988. The trial court sentenced him to two concurrent terms of imprisonment of fifteen years each. Defendant filed a motion for post-conviction relief pursuant to Rule 29.15. Following an evidentiary hearing, the Rule 29.15 motion was denied. Defendant appeals the judgments of conviction and the order denying his Rule 29.15 motion. The appeals were consolidated as required by Rule 29.15(*l*). This court affirms.

William E. Johnson contacted defendant on two occasions to inquire about purchasing drugs from him. Johnson was cooper-

ating with the Greene County Sheriff's Department. Johnson first called defendant July 26, 1989, "to see ... if he did have any type of drugs." Defendant told Johnson that he had "[m]eth, crank." He told Johnson "to come by." That afternoon Johnson went to a motel to meet defendant. Defendant was not at the motel when Johnson arrived. Two women were there—a woman Johnson identified as Lana Anderson and another woman whose name Johnson did not know. Defendant arrived as Johnson was starting to leave. Johnson asked defendant if he had any drugs. Defendant told Johnson that he did not "but it was just up the road." Defendant said that he needed the money "up front." Johnson gave defendant $100 and was told to come back to defendant's motel room in fifteen minutes.

Johnson returned to defendant's motel room. Defendant, Lana Anderson and the other woman were in the room. Johnson testified, "And at that time Bobby told me the guy was on his way. I could come on into the room but when he got there I'd have to leave the room."

Shortly after Johnson went into defendant's motel room, the woman whose name Johnson did not know left. After "[a]bout 15, 20 minutes, maybe 30 minutes at the most," a man came to the door. Johnson was asked to leave. The man who had come to defendant's motel room was still there when Johnson returned. Johnson was told to wait outside. The man then left defendant's room. As he came out of the room, he told Johnson, "Okay. You can go in." When Johnson entered the room, defendant told him, "Here it is." Johnson was given a quantity of methamphetamine. At trial Johnson could not recall whether the methamphetamine he received was in one bag or two bags.

The next day Johnson called defendant again. Johnson asked defendant to sell him more methamphetamine. Defendant told Johnson "to come on by." Johnson went to the same motel where he had met defendant the day before. Johnson went inside. Defendant was the only one there. Johnson gave defendant $100. "About an hour, hour and a half" later, Lana Anderson arrived. She took a container that had methamphetamine in it from inside her purse and threw it to defendant. Defendant handed the methamphetamine to Johnson. Johnson then left.

Defendant presents three points on appeal. His first two points are directed to the jury trial of his criminal case. The third is directed to the dismissal of his Rule 29.15 motion.

Defendant's first point on appeal refers to the voir dire that was conducted at his trial. Defendant contends that the trial court erred in striking venireman Mark Faegre for cause. During voir dire, Faegre responded in the affirmative to general questions that asked whether anyone believed that drugs should be legalized "whether it be methamphetamine or marijuana or any of that," and whether anyone "has had problems with drugs in the past, whether it be marijuana, methamphetamine, anything of that nature." The following questions were asked and the following answers given:

[PROSECUTOR]: Thank you, Judge. Sir, you had mentioned a problem about drugs. What type problems have you had?

VENIREMAN FAEGRE: I'm a recovering addict, alcoholic, 12 years.

[PROSECUTOR]: What type of drugs other than alcohol have you been experienced with?

VENIREMAN FAEGRE: I've done virtually every drug except heroin.

THE COURT: Excuse me for interrupting. Did you say you had been convicted?

VENIREMAN FAEGRE: No, never.

[PROSECUTOR]: Sir, you had mentioned that drugs should be decriminalized, mentioned prohibition.

VENIREMAN FAEGRE: No, sir. You mentioned—you said do you think any. And I lived in Montgomery County, Maryland, when marijuana was—possession of less than an ounce was decriminalized. I thought at the time, 15 years ago, that it was probably a wise move and I think probably would be a wise

move now considering the problem that's damaged society from it.

[PROSECUTOR]: So you're saying less than an ounce should be decriminalized?

VENIREMAN FAEGRE: Of marijuana possession in the home, certainly.

Venireman Faegre further stated that he did not believe selling drugs should be decriminalized. He stated that he did not think possession of methamphetamine should be decriminalized. He was asked, "[C]ould you fairly and impartially listen to the evidence and follow the law as given to you by the Court?" He answered, "Yes, sir."

The state objected to Mr. Faegre serving as a juror "for cause." The trial court sustained the objection.

Defendant argues that the trial court abused its discretion in striking Venireman Faegre for cause "in that Venireman Faegre gave unequivocal answers ... that indicated his ability to sit as a fair and impartial juror." Defendant asserts that he was prejudiced "because the State was, in effect, granted an additional peremptory strike not permitted by statute." [1]

A criminal defendant is entitled to a full panel of qualified jurors before he must use his peremptory challenges. *State v. Wheat,* 775 S.W.2d 155, 158 (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990), *citing State v. Johnson,* 722 S.W.2d 62, 65 (Mo. banc 1986). Furthermore, "[t]he state as well as a defendant has the right to a fair impartial jury." *State v. Franks,* 702 S.W.2d 853, 856 (Mo.App.1985).

Defendant does not claim that he was not provided a full panel of qualified jurors from which he was permitted to expend his peremptory challenges. Rather, he, in effect, says he was prejudiced because Mr. Faegre was not included on the panel from which the state and defendant exercised their rights to peremptorily strike jurors.

The trial court has wide discretion in evaluating the qualifications of a venireperson and the ruling on a challenge for cause will not be disturbed on appeal in the absence of a clear abuse of discretion. *State v. Owens,* 759 S.W.2d 73, 76 (Mo.App. 1988). This court finds no abuse of discretion by the trial court's sustaining the state's challenge of Venireman Faegre for cause. The answers given by Mr. Faegre to the questions asked afforded sufficient basis for the trial court to have concluded that Mr. Faegre had beliefs that would affect his ability to follow the law as declared by the court in its instructions. § 494.470.2, RSMo Supp.1989. Had the state's challenge for cause directed to Mr. Faegre not been sustained, the state would not have been provided with a full panel of qualified jurors from which to exercise its peremptory challenges. Furthermore, in cases other than those in which the range of punishment includes the death penalty, the usual rule is "that error may not be predicated on the sustaining of a challenge for cause if a full panel of qualified jurors is tendered for peremptory challenge." *State v. Jones,* 749 S.W.2d 356, 360 (Mo. banc), *cert. denied,* 488 U.S. 871, 109 S.Ct. 186, 102 L.Ed.2d 155 (1988). The fact that the full panel of qualified jurors from which defendant expended his peremptory challenges did not include Mr. Faegre did not prejudice defendant. Defendant's first point is denied.

Defendant's second point on appeal is directed to the answer given by William Johnson to the following question:

Q: What happened once [Lana Anderson] got back?

A: Once she got back she reached into her purse and threw out a container that

---

1. § 494.480.2, RSMo Supp.1989, provides as pertinent to this case:

In all criminal cases, the state and the defendant shall be entitled to a peremptory challenge of jurors as follows:

.    .    .    .    .

(2) In all other cases punishable by imprisonment in the penitentiary, the state shall

have the right to challenge six and the defendant six;

.    .    .    .    .

methamphetamine was in and threw it to [defendant] and also laid down one of the pistols.

The question was directed to the events that occurred when Johnson made his second purchase of methamphetamine from defendant.

Defendant contends the trial court erred in not granting his request for mistrial. He argues that Johnson's testimony regarding a pistol permitted the jury "to improperly presume [defendant's] guilt and convict him based upon evidence of an uncharged offense in that Johnson supplied information concerning the existence of a pistol which was the subject of an order in limine issued by the trial court."

■ To the extent that defendant's second point on appeal infers that the testimony about which he complains was affected by his pretrial motion in limine, defendant misspeaks. Defendant's motion in limine was directed to the execution of a search warrant that resulted in recovery of firearms from defendant's motel room. There was no reference to the execution of the search warrant in the answer given by Johnson. Further, the fact that a motion in limine was filed is without significance. A motion in limine, in and of itself, preserves nothing for appeal. *State v. Vincent,* 785 S.W.2d 805, 808 (Mo.App.1990).

As to the merits of defendant's request for a mistrial, defendant's trial counsel made two requests. His trial counsel alluded to the fact that there had been a motion in limine. The trial court then asked her if she was "making an objection and asking [the judge] to instruct the jury to disregard." Defendant's trial counsel stated that she was first asking the court to grant a mistrial. After the trial court denied that request, defendant's trial counsel stated, "I wish you to instruct the jury to disregard the last remarks of the witness." The trial court granted that request. The jury was advised, "Objection will be sustained and the jury is ordered to disregard any reference of the witness' testimony to a pistol."

The declaration of a mistrial is a drastic remedy that should be employed only in those extraordinary circumstances in which prejudice to the defendant can be removed no other way. *State v. O'Neal,* 618 S.W.2d 31, 35 (Mo.1981); *State v. Jones,* 594 S.W.2d 932, 937 (Mo.1980); *Kansas City v. LaRose,* 524 S.W.2d 112, 120 (Mo. banc 1975). Whether a mistrial should be declared rests largely within the discretion of the trial court, *State v. Purnell,* 621 S.W.2d 277, 283 (Mo.1981); *O'Neal,* 618 S.W.2d at 35, because the trial court observes the incident that precipitates the request for a mistrial and is in a better position than is the appellate court to determine what prejudicial effect, if any, the incident has on the jury, *id.; State v. Reynolds,* 608 S.W.2d 422, 427 (Mo.1980); *LaRose,* 524 S.W.2d at 120. The trial court's decision whether to grant a mistrial will not be disturbed in the absence of an abuse of discretion. *See O'Neal,* 618 S.W.2d at 35.

*State v. Davis,* 653 S.W.2d 167, 176 (Mo. banc 1983).

■ This court finds no abuse of discretion by the trial court's refusal to grant a mistrial in this case. Defendant's trial counsel tacitly admitted that any prejudice that might have resulted from Johnson's reference to a pistol could be removed by means other than mistrial when she asked the trial court "to instruct the jury to disregard the last remarks of the witness." Following that request by trial counsel, the trial court asked the following question and received the following answer:

THE COURT: So there will be no misunderstanding, you want me to instruct the jury to disregard any reference made by the witness to a pistol?

[TRIAL COUNSEL]: Yes.

Defendant's second point is denied.

The third point on appeal is directed to the motion court's order denying defendant's Rule 29.15 motion. Defendant complains that he was denied effective assistance of counsel in his criminal trial because his trial counsel failed "to request a hearing outside the presence of the jury for the purpose of determining on the record that [defendant] was knowingly and voluntarily waiving his right to testify on his own

behalf, and by not allowing [defendant] to testify."

Defendant's third point on appeal is in two parts. The first part alleges error by the motion court in not finding that defendant's trial counsel was ineffective because she did not assure that defendant had a hearing to determine, "on the record," whether defendant waived his right to testify at trial. That issue was not presented to the motion court in either defendant's pro se motion or amended motion. It is, therefore, not cognizable on appeal. *Hayes v. State*, 774 S.W.2d 886, 888 (Mo.App.1989). This court notes, nevertheless, *ex gratia*, that the order of trial in a felony case nowhere requires that a hearing be conducted to determine that a defendant is waiving his right to testify in his own behalf. Rule 27.02.

The second part of defendant's third point on appeal asserts that defendant's trial counsel was ineffective "by not allowing defendant to testify." The amended motion alleged that defendant's trial counsel "insisted that [defendant] remain silent when [defendant] asserted his desire to testify on his own behalf on numerous occasions." The motion court found as follows:

> Trial counsel's advise [sic] to Movant to remain silent at the criminal court jury trial was appropriate under the circumstances. Especially in light of the trial strategy counsel used at the trial. Further, trial counsel was aware that if Movant testified at trial, the State would be able to bring additional evidence into the trial about other pending felony cases involving this defendant and his possession of controlled substances.

"Appellate review of the trial court's action on the motion filed under ... Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j).

"[A] trial counsel's advise [sic] to a defendant as to whether or not to testify is a matter of trial strategy, and barring exceptional circumstances, would not be grounds for post-conviction relief." *Dixon v. State*, 763 S.W.2d 204, 207 (Mo.App.

1988), *citing Haslip v. State*, 717 S.W.2d 533, 538 (Mo.App.1986). No exceptional circumstances appear from a review of the record on appeal in this case. The motion court heard evidence that defendant's trial counsel advised defendant not to testify; that defendant made the decision not to testify. The motion court evidently believed that testimony. Considering the motion court's superior opportunity to judge the credibility of the witnesses who appeared at the evidentiary hearing and giving due regard thereto, this court concludes that the findings and conclusions of the motion court are not clearly erroneous. Defendant's third point is denied.

The judgments of conviction of the trial court in case number 16807 are affirmed. The order denying defendant's Rule 29.15 motion in case number 17155 is affirmed.

FLANIGAN, C.J., and SHRUM, J., concur.