STATE of Missouri, Respondent,

v.

Johnny R. SHAW and Sherry
L. Shaw, Appellants.

No. WD 45029.

Missouri Court of Appeals,
Western District.

Sept. 29, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Nov. 24, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Hugh D. Kranitz, St. Joseph, for appellants.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

1. At the time of the alleged offense the Shaws were not married, but subsequently were married. The victim was the 10–year–old daughter of Sherry.

Before TURNAGE, P.J., and
BRECKENRIDGE and HANNA, JJ.

TURNAGE, Presiding Judge.

Johnny R. Shaw and Sherry L. Shaw were found guilty of sodomy by a jury and punishment was recommended as imprisonment for 35 years. The court found that it had misdirected the jury as to the permissible maximum sentence and sentenced each of the Shaws to imprisonment for 15 years, the maximum authorized by statute at the time of the commission of the crime. The Shaws contend that they are entitled to a new trial because the court misdirected the jury as to the permissible maximum punishment. Reversed and remanded.

In December 1990 the Shaws were charged by information with sodomy which was alleged to have occurred on or about the third week of May 1990.[1] The information alleged that punishment was a term of years not less than five nor more than 15. On the second day of trial the State moved to amend the information by amending the range of punishment to allege that the range was imprisonment for five years to life. The court allowed the amendment.

At the close of the evidence the court gave a verdict directing instruction as to each of the Shaws which informed the jury that the range of punishment was from five years to life. The Shaws objected to the amendment of the information and the giving of the instructions. The jury returned a verdict assessing punishment of 35 years for each of the Shaws. At sentencing the prosecutor recognized that he had misinformed the court as to the maximum sentence and sought to correct the mistake by requesting that the court sentence each of the Shaws under Rule 29.04 to imprisonment for 15 years which was the maximum punishment as of the date of the commission of the crime.[2] The court followed the recommendation of the prosecutor.

2. Rule 29.04 provides: If a jury assesses a punishment above the limit prescribed by law for the offense of which defendant is convicted the court shall pronounce a sentence and render judgment within the statutory limits prescribed for the offense.

Section 566.060.2, RSMo 1986,[3] denounced sodomy as a class B felony except in circumstances not present here. Section 558.011.1(2) provides that the term of imprisonment for a class B felony is a term of years not less than five and not to exceed 15 years.

In 1990, Section 566.060.2 was amended to provide that sodomy under the circumstances in this case is a felony with the authorized term of imprisonment to be life or a term of years of not less than five. Cum.Supp. RSMo 1990. The 1990 amendment became effective on August 28, 1990, Laws Mo.1990 pg. 4. Thus, at the date of the commission of the crime the maximum punishment was 15 years.

The Shaws contend that under *State v. Cline*, 808 S.W.2d 822 (Mo. banc 1991), that a misdirection as to the maximum punishment can only be corrected by the grant of a new trial. The Shaws are correct in this contention.

In *Cline*, the court gave an instruction which told the jury that the maximum punishment was imprisonment for no more than 20 years. The legislature between the date of the alleged offense and the trial reduced the maximum term of imprisonment to seven years and the defendant was entitled to have the jury instructed that the maximum imprisonment was seven years instead of 20 years. The jury assessed punishment at imprisonment for five years.

In *Cline*, the court quoted from *State v. Bevins*, 328 Mo. 1046, 43 S.W.2d 432, 436–37 (banc 1931), to the effect that the statutes place upon the jury the duty, and not merely the privilege, of determining the punishment if they can agree thereon. The statutes deny the court the authority to determine the punishment except in cases when the jury has failed to perform the duty of assessing punishment. It was further noted that the court is given the authority to reduce the punishment assessed by the jury but not to increase it. The court further pointed out that because the duty to assess punishment is imposed upon the jury, the defendant has a corresponding right to have the jury properly instructed

as to the applicable law so that it can properly and intelligently perform its duty. *Id.* at 826[6].

The court further held that the statutory counterpart of what is now Rule 29.04 was held in *State v. Duddrear*, 309 Mo. 1, 274 S.W. 360 (1925), to enable the trial court to render judgment according to the highest limit prescribed by law only when the jury has been properly instructed as to the degree of punishment and returns a verdict in disregard of that instruction and in excess of the legal limit. The court noted that *Duddrear* held that there is no power on the part of the trial court to amend a jury verdict when the error consists of a misdirection by the court itself.

The court in *Cline*, concluded by stating:

> The purpose of the rules is to enable the trial court to render a correct judgment where the jury has been properly instructed as to the range of punishment. This purpose cannot be accomplished where, as here, the jury was not properly instructed. Defendant's contention entitles him to a new trial.

808 S.W.2d at 827[8].

It is clear from *Cline* that the primary duty for assessing punishment is placed by statute on the jury. The court has no power to impose a different sentence and render judgment in disregard of the verdict under the guise of correcting the verdict because it contains punishment greater than allowed by law unless the jury has been correctly instructed as to the range of punishment. Here, the jury was not correctly instructed as to the range of punishment and the trial court was without power to pronounce sentence in disregard of the verdict but should have granted a new trial.

*Cline* held that the remedy for misdirecting the jury as to the range of punishment is to grant a new trial. *Id.* at 827. In conformity with the holding in *Cline*, the judgment as to each of the Shaws is re-

**3.** All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

versed and these cases are remanded for a new trial.

All concur.