STATE of Missouri, Plaintiff–Respondent,

v.

Dennis PENDERGRAFT, Defendant–Appellant.

No. 18417.

Missouri Court of Appeals, Southern District, Division One.

Dec. 9, 1993.

Scott B. Tinsley, P.C., Springfield, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Chief Judge.

Dennis Pendergraft (defendant) was convicted of the class B felonies of rape (Count I), § 566.030.3,[1] and sodomy (Count II), § 566.060.3. He was sentenced to imprisonment for terms of 12 years for Count I and 5 years for Count II. The sentences were ordered served consecutively. This court affirms.

Defendant lived with M.A.'s mother, Brenda, from September 1985 until August 1990 in Brenda's home. M.A.'s birthdate was July 25, 1976. In addition to M.A. (a girl), Brenda's two other children, a daughter and a son, lived in the same home. Defendant's two daughters moved into the home some time after defendant began living there. They were there in the fall of 1989 and in 1990.

M.A. was "nine or ten" when defendant moved into the home with her mother. M.A. testified that defendant began touching her over her clothes when she was "[a]bout 10 or 10–and–a–half." The first incident occurred in the living room of the residence when M.A. and defendant were alone. Defendant touched M.A.'s breasts. M.A. testified that there were other incidents. She explained that defendant began touching her under her clothing; he would touch her breasts and other parts of her body.

Brenda had an illness that resulted in her undergoing open-heart surgery. Defendant told M.A. that Brenda needed someone to be in the home with her; that if M.A. told anyone what he was doing, he would leave.

Defendant had sexual intercourse with M.A. the summer before her fourteenth birthday. He committed an act of sodomy with M.A. during "the fall or Christmas season of 1989" for which he paid M.A. $20.

Defendant does not contest the sufficiency of the evidence with respect to either Count I or Count II. His points on appeal are directed to the ranges of punishment stated in the original verdict-directing instructions and to the granting of a motion in limine the state filed.

Defendant's first point asserts the trial court erred in denying his request for a mistrial because the verdict-directing instructions stated incorrect ranges of punishment. The verdict-directing instructions, Instruction Nos. 5 and 6, stated the range of punishment for each offense charged was imprisonment from 5 years to life. Instruction Nos. 5 and 6 were included in the written instructions the jury took to the jury room to assist in its deliberation.

After the jury retired for deliberation, the prosecuting attorney advised the trial judge that the verdict-directing instructions, Instruction Nos. 5 and 6, incorrectly stated the applicable ranges of punishment; that the offenses charged were class B felonies. §§ 566.030.4 and 566.060.4. The correct range of punishment for each offense was imprisonment for "not less than five years and not to exceed fifteen years." § 558.011.-1(2). The prosecuting attorney requested that the trial court withdraw Instruction Nos. 5 and 6 and the applicable verdict forms and

---

1. References to statutes are to RSMo 1986.

substitute corrected verdict-directing instructions and verdict forms. Defendant's trial counsel objected and requested mistrial. The request for mistrial was denied.

The case was submitted to the jury at 3:59 p.m. At 6:00 p.m. the trial court had the jury return to the courtroom. The jury was advised:

THE COURT: Ladies and Gentlemen, I have withdrawn original Instruction No. 5 and original Instruction No. 6, and the forms of verdict which were originally attached to the instructions you were given. I have substituted a new Instruction No. 5–A which I need to read to you as to Count I, and Instruction 6–A. Now attached to the instructions are corrected verdict forms which will permit you to render an appropriate decision. I am not going to read the other eight instructions, Instructions 1 through 4 and 7 through 10 remain as they were, 5–A and 6–A has [sic] been changed. The bailiffs will take you back to the jury room, Mr. McKinney, I'll give you the instructions back. You will let me know at the appropriate time what you want to do about dinner.

The transcript states that Instruction Nos. 5–A and 6–A were read to the jury. Those instructions stated the correct ranges of punishment. The jury then resumed its deliberation.

At 7:03 p.m. the jury returned and announced that it had reached verdicts. The jury found defendant guilty of the offenses charged and recommended punishment of 12 years' imprisonment for Count I and 5 years' imprisonment for Count II.

Defendant relies on three recent Missouri cases in support of his first point, *State v. Cline*, 808 S.W.2d 822 (Mo. banc 1991); *State v. Shaw*, 844 S.W.2d 20 (Mo.App.1992); and *State v. Hyzer*, 811 S.W.2d 475 (Mo.App. 1991). In *Cline* and in *Shaw* the jury was incorrectly instructed as to punishment. Both cases were reversed and remanded for new trials. In *Hyzer* the trial court did not instruct on a lesser included offense that was dependent on a lesser amount of marijuana than was required for a felony. It was reversed and remanded for a new trial.

All three cases differ, factually, from defendant's case. In *Hyzer* the issue on appeal was the insufficiency of evidence regarding an amount of marijuana. The instructional issue arose only because there was a possibility, on remand, that a factual issue would arise over the quantity of marijuana that had been in Hyzer's possession. The applicable range of punishment depended on the amount of marijuana defendant possessed. *Hyzer* is of no assistance to this defendant.

*Cline* and *Shaw*, likewise, do not assist defendant. *Cline* involved a change in the range of punishment for an offense between the time of its commission and trial. The trial court instructed the jury that the maximum punishment for the offense was 20 years, although, due to a newly enacted statute, at the time of trial the maximum range of punishment was 7 years. The jury found Cline guilty and recommended punishment of 5 years' imprisonment. The court held that Cline was entitled to have the jury instructed correctly as to the maximum punishment that could be imposed for the offense charged; that the limiting effect of the jury's assessment of punishment was infringed because the instruction overstated the maximum term of imprisonment that could be imposed. *Cline* was reversed and remanded for new trial. 808 S.W.2d at 827.

*Shaw* is similar to *Cline*. In *Shaw* the jury was instructed that the maximum sentence for the offense charged was life imprisonment when the correct maximum punishment was 15 years' imprisonment. The jury recommended sentences of 35 years for each of two defendants in the case. The trial court, after discovering the punishment discrepancy, imposed a sentence of 15 years for each defendant. Following *Cline* the court held that the defendants in *Shaw* were entitled to a new trial. The court reversed and remanded the case for new trial. 844 S.W.2d at 21–22.

■ This case differs from *Cline* and *Shaw* in that the trial court discovered the errors in Instruction Nos. 5 and 6 regarding the stated ranges of punishment before the jury reached its verdicts. The errors were corrected by withdrawing Instruction Nos. 5 and 6 and submitting Instruction Nos. 5–A

and 6–A, together with corrected verdict forms. "Courts may withdraw or correct an instruction, at any time during trial, if upon reflection the same is considered to have been erroneously given." *State v. Hannett,* 713 S.W.2d 267, 272 (Mo.App.1986). This may be done even after the case has been submitted to the jury. *See State v. Montgomery,* 590 S.W.2d 105, 107 (Mo.App.1979).

The trial court erred in giving Instruction Nos. 5 and 6. However, upon discovering the discrepancy in the ranges of punishment stated in those instructions and correcting the discrepancy by advising the jury that Instruction Nos. 5 and 6 were withdrawn and giving Instruction Nos. 5–A and 6–A, the error was corrected. The prejudicial effect of an instructional error is to be judicially determined. *State v. Hannett, supra.* This court holds, under these circumstances, that the error was not prejudicial. Defendant's first point is denied.

Defendant's second point asserts the trial court erred in sustaining a motion in limine filed by the state because defendant was precluded from presenting evidence that would have shown why the complainant would falsely accuse him. He complains that the granting of the motion in limine "served to prevent entirely any cross-examination into said complainant's bias or prejudice."

The motion in limine the state filed is anything but direct and concise. It is a rambling four page discourse of 10 numbered paragraphs directed to "any evidence or reference" to events relative to the victim's background, to defendant's relationships with his family members, to self-serving out-of-court statements defendant may have made, and a variety of other generalities of questionable import. After hearing what amounts to six pages of rambling narration in the transcript, the trial court sustained the motion in limine.

Apparently, defendant's complaint is that his cross-examination was unduly constrained. The record on appeal, however, is void of any offer of proof or other indicia of available bases for cross-examination that defendant was denied. As explained in *State v. Purlee,* 839 S.W.2d 584 (Mo. banc 1992):

A ruling in limine is interlocutory only and is subject to change during the course of the trial. *State v. Evans,* 639 S.W.2d 820, 822 (Mo.1982). The motion in limine, in and of itself, preserves nothing for appeal. *State v. Gray,* 812 S.W.2d 935, 939 (Mo.App.1991). Accordingly, the proponent of the evidence must attempt to present the excluded evidence at trial, and if an objection to the proffered evidence is sustained, the proponent must then make an offer of proof. *State v. Arbuckle,* 816 S.W.2d 932, 938 (Mo.App.1991); *State v. Oliver,* 729 S.W.2d 560, 563 (Mo.App.1987); *State v. Smith,* 725 S.W.2d 631, 633 (Mo. App.1987).

*Id.* at 592.

Defendant's second point presents nothing for appellate review. It is denied. The judgment and sentence is affirmed.

SHRUM and MONTGOMERY, JJ., concur.